IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RONALD JOHN CALZONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-4278-NKL |
| | ) | |
| DONALD SUMMERS, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR ATTORNEY FEES**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................. 1

II. ATTORNEY FEES............................................................................... 2

    A. Hourly Rates ............................................................................ 3

    B. Number of Attorney Hours ..................................................... 6

III. CONCLUSION ..................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Balaban v. Lincoln Cty. Ambulance Dist.*,
  No. 06-1268 CDP, 2008 WL 1701095 (E.D. Mo. Apr. 9, 2008) ...................... 5

*Blanchard v. Bergeron*,
  489 U.S. 87 (1989) ................................................................................ 3

*Blum v. Stenson*,
  465 U.S. 886, (1984) ............................................................................. 4

*Bouaphakeo v. Tyson Foods*,
  2013 WL 364789 (N.D. Iowa Jan. 30, 2013) ................................................. 3

*Hanig v. Lee*,
  415 F.3d 822 (8th Cir. 2005) ................................................................... 3

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..................................................................... 3-4, 6-7

*Loggins v. Delo*,
  999 F.2d 364 (8th Cir. 1993) ................................................................... 7

*Miller v. Dungan*,
  764 F.3d 826 (8th Cir. 2014) ................................................................... 4

*Missourians for Fiscal Accountability v. Klah*, No. 14-4287-ODS,
  2017 U.S. Dist. LEXIS 219827, at **3-6 (W.D. Mo. Apr. 10, 2017) ................... 5

*Moysis v. DTG Datanet*,
  278 F.3d 819 (8th Cir. 2002) ............................................................................ 3

*Phelps-Roper v. City of Manchester*,
  No. 09-1298 CDP, 2010 WL 4628202 (E.D. Mo. Nov. 8, 2010) ....................... 5

*Philipp v. ANR Freight Sys., Inc.*,
  61 F.3d 669 (8th Cir. 1995) ............................................................................... 3

*Snider v. City of Cape Girardeau*,
  752 F.3d 1149 (8th Cir. 2014) ........................................................................... 5

*Snider v. Peters*,
  928 F.Supp.2d 1113 (E.D. Mo. 2013) ............................................................... 5

*Trinity Lutheran Church of Columbia, Inc. v. Comer*,
  2018 WL 5848994 (W.D. Mo. Nov. 7, 2018) ................................................ 5, 6

*Tyler v. Corner Const. Corp., Inc.*,
  167 F.3d 1202 (8th Cir. 1999) ........................................................................... 7

**Statutes**

42 U.S.C. § 1988 .................................................................................................. 1, 2

42 U.S.C. § 1988(b) ............................................................................................. 1, 3

RSMo § 105.470(5)(c) .............................................................................................. 1

I.   INTRODUCTION

Plaintiff originally filed his verified complaint seeking relief under § 1983 as well as attorney fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff sought relief under the First Amendment from the application of RSMo § 105.470, *et seq.* under the theory that the statute was unconstitutional as-applied to the Plaintiff. He also challenged the statute under a theory that the same was facially unconstitutional. He sought an injunction from this Court which was denied.

Plaintiff appealed this Court's decision to the 8th Circuit Court of Appeals which resulted in a divided en banc Court holding that Plaintiff had in fact brought and preserved the as-applied challenge to the statute which was decided in his favor by the 8th Circuit. The Court of Appeals however affirmed this Court's denial of Plaintiff's facial claim.

Plaintiff filed a motion in the Court of Appeals seeking attorney fees in the total amount of $181,156, of which Plaintiff stated $129,586 represented the requested fee for work performed in the appellate court and $51,570[1] represented the requested fee for work performed in the district court. The appellate court awarded Plaintiff $50,910 as fees for work performed in the appellate court and remanded the matter to this Court for a determination of

---

[1] As set forth below, the State arrived at a different, higher, figure based on the records submitted.

what fee, if any, this Court determined Plaintiff should receive for work performed in the district court prior to appeal.

According to Plaintiff's Motion, he is seeking $51,570 for work performed in the district court. However the State has computed the hourly rates sought and hours claimed by the attorneys billing for work in the district court and has arrived at a requested amount of $68,187.50. The fees sought by Plaintiff in this Court are itemized as follows as to hourly rates and total hours.

| ATTORNEY | RATE | HOURS | AMOUNT | TOTAL |
|---|---|---|---|---|
| Dickerson | $425 | 12 | $5,100 | |
| Morgan | $390 | 81 | $31,590 | |
| Yeates | $400 | 37.2 | $14,880 | |
| Roland | $425 | 39.1 | $16,617.50 | |
| | | | | $68,187.50 |

## II.  ATTORNEY FEES

The State does not contest that Plaintiff was the prevailing party. The State does not agree that the fees sought from this Court are reasonable as to either the hourly rates sought or the number of hours requested.

Pursuant to 42 U.S.C. § 1988, courts may award a "reasonable attorney's fee as part of the costs" to a prevailing party in cases brought under § 1983. 42

U.S.C. § 1988(b). A reasonable attorney's fee should be what the court finds to be "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

Fees under § 1988 are determine by a lodestar calculation, multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate" for each attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Plaintiff's attorneys must establish an "accurate and reliable factual basis for an award of attorneys' fees", requiring them to produce evidence which supports both the hourly rates and the number of hours requested. *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (citation omitted.)

### A. Hourly Rates

"[A] reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002). "Eighth Circuit law is well-settled on the point that the 'relevant community' for the purposes of determining attorneys' hourly rates is the community in which the case is tried." *Bouaphakeo v. Tyson Foods*, 2013 WL 364789 at *2 (N.D. Iowa Jan. 30, 2013). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market

3

rates." *Miller v. Dungan*, 764 F.3d 826, 831 (8th Cir. 2014) (citation omitted). Plaintiff's counsel must make "a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Plaintiff has the burden of establishing the appropriate rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11, (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – ***in addition to the attorney's own affidavits*** – that the requested rates are in line with those prevailing in the community for similar service by lawyers of reasonable comparable skill, experience, and reputation.") (Emphasis added.). Plaintiff is requesting hourly rates ranging from $390 to $425 for the attorneys working on this case. Plaintiff initially offered no evidence as to the reasonableness of those rates other than the affidavits of Plaintiff's own counsel. After the State challenged those rates, Plaintiff belatedly supplied the affidavit of Charles W. Hatfield, an attorney with over 26 years of experience, who averred that Plaintiff's attorneys (the most experienced of which have only 18 years of experience), are seeking rates that are, in the opinion of Mr. Hatfield, reasonable. The State maintains that Plaintiff has not met his burden of proof as to the reasonableness of the hourly rates sought and that the rates sought are unreasonably high.

4

Plaintiff proposes that the most junior attorney working on his case be granted an hourly rate of $390 – a rate higher than the upper limit of past fee awards in similar cases in Missouri for even the most experienced attorneys. "Federal courts in Missouri have found hourly rates of between $200 and $375 reasonable for attorneys experienced in First Amendment law." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 2018 WL 5848994, at *4 (W.D. Mo. Nov. 7, 2018), (*citing Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (affirming order in *Snider v. Peters*, 928 F.Supp.2d 1113, 1116-17 (E.D. Mo. 2013) finding rates of $225 and $300 per hour appropriate for attorneys with "expertise in First Amendment litigation" based on the St. Louis market); *Missourians for Fiscal Accountability v. Klahr*, No. 14-4287-ODS, 2017 U.S. Dist. LEXIS 219827, at **3-6 (W.D. Mo. Apr. 10, 2017) (rejecting as unreasonable in mid-Missouri proposed rates of $475 and $395 for attorneys with First Amendment experience and instead finding hourly rates of $375 and $300 reasonable, and reducing other attorney rates to $200 per hour.); *Phelps-Roper v. City of Manchester*, No. 09-1298 CDP, 2010 WL 4628202 at *2 (E.D. Mo. Nov. 8, 2010) (finding $225 to be a reasonable hourly rate in a case concerning "whether a city ordinance violated the First Amendment"); *Balaban v. Lincoln Cty. Ambulance Dist.*, No. 06-1268 CDP, 2008 WL 1701095 at *1 (E.D. Mo. Apr. 9, 2008) (approving a $350 hourly rate

for an attorney in a St. Louis employment case concerning First Amendment rights).

In *Trinity Lutheran*, the court held that First Amendment litigators with 18-30 years of experience, including extensive experience at the Supreme Court, were entitled to hourly rates of $300 to $375 for the Missouri market. *Trinity Lutheran*, 2018 WL 5848994, at *6-7. None of Plaintiff's attorneys have a comparable level of experience. The court in *Trinity Lutheran* found that attorneys with 4 to 9 years of experience were entitled to hourly rates of $150 to $275 for the Missouri market. *Id*. at *7-8.

Plaintiff requests that attorneys Dickerson and Roland, each having 14 years of experience, receive an hourly rate of $425. This hourly rate is unreasonable. A more appropriate rate for attorneys Dickerson and Roland, based on the rates awarded in *Trinity Lutheran*, would be $300. Plaintiff requests an hourly rate of $400 for attorney Yeates who has 8 years of experience. Plaintiff's request for attorney Morgan, who has just over 7 years of experience, is $390 per hour. These hourly rates are also unreasonable in light of *Trinity Lutheran*. A reasonable hourly rate for attorneys Morgan and Yeates, based on the rates awarded in *Trinity Lutheran*, would be $250.

### B. Number of Attorney Hours

"A reduced fee award is appropriate if the relief" granted "is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 439.

The fee award should not exceed "that amount of fees that is reasonable in relation to the results obtained." *Id*. at 440. "[W]here the plaintiff obtains only limited relief, the court may award only limited fees." *Tyler v. Corner Const. Corp., Inc.*, 167 F.3d 1202, 1204 (8th Cir. 1999). Where there are multiple claims, this means that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Loggins v. Delo*, 999 F.2d 364, 369 (8th Cir. 1993) (citation omitted).

Plaintiff's attorneys do not even attempt to establish how many hours were spent on the limited but successful as-applied claim, and how many hours were spent on his unsuccessful facial challenge. Plaintiff's facial challenge likely accounts for over 50% of the hours billed because it played the central role in this litigation. According to the billing records, Plaintiff's motion for a temporary restraining order and preliminary injunction only sought facial relief. The motion practice resulted in a significant part of the requested hours. Because Plaintiff only achieved partial success, this Court should reduce the fee request by 50% at a minimum.

### III. CONCLUSION

If the Court finds that Plaintiff should receive a fee award for work performed in the district court prior to the appeal in this matter, the State requests that the Court find that the reasonable hourly rates for the attorneys be set at no more than $250 to $300. The State further requests a significant

7

discount as to the allowed hours due to Plaintiff only succeeding on one of his two claims. The State has computed the award to Plaintiff, if any, should be no more than $22,440. The State arrived at this amount by using an hourly rate of $300 for attorneys Dickerson and Morrison and $250 for attorneys Morgan and Yeates. Those hourly rates multiplied by the number of hours each attorney seeks for his work in the district court totals $44,880, to which the State applied a 50% reduction to account for the Plaintiff's limited success. The State requests that this Court award Plaintiff not more than $22,440 in fees for the litigation in the district court.

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

Dated: January 17, 2020

/s/ Melanie Pennycuff
Melanie Pennycuff, MO #72227*
*Assistant Attorney General*
815 Olive Street
Suite 200
St. Louis, MO 63101
314-340-7652
Email: Melanie.Pennycuff@ago.mo.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2020, I filed the foregoing through the Court's ECF system which delivered a copy to all counsel of record.

/s/    Melanie Pennycuff
Melanie Pennycuff