# EXHIBIT A

# EXHIBIT A

# No. 17-2654

## IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

RONALD JOHN CALZONE,
    *Plaintiff-Appellant*,

*v.*

DONALD SUMMERS, ET AL.,
    *Defendants-Appellees.*

:
:
:
:
:
:
:
:
:

On appeal from the United States
District Court for the Western
District of Missouri
No. 2:16-CV-4278 (NKL)

---

## DECLARATION OF ALLEN DICKERSON REGARDING ATTORNEYS' FEES

---

Under penalty of perjury, I, Allen Dickerson, declare as follows:

1. I write this declaration to support the Motion for Attorneys' Fees and Expenses filed pursuant to 42 U.S.C. § 1988, the Federal Rules of Appellate and Civil Procedure, and 8th Circuit Rule 47C.

2. I am the legal director of the Institute for Free Speech and served as lead counsel in this matter. The Institute is a § 501(c)(3) organization with a nationwide, multijurisdictional, and exclusively *pro bono* legal practice. Consequently, neither I nor any employee of the Institute has a customary hourly rate.

3. The following Institute employees provided legal services in connection with this case:

   a. Allen Dickerson, Legal Director
   b. Tyler Martinez, Attorney
   c. Zac Morgan, Attorney
   d. Owen Yeates, Attorney
   e. Ryan Morrison, Attorney

4. Mr. Morrison joined the Institute late in the progress of this matter, and the Institute does not seek to bill for his time.

1

5. I am legal director at the Institute for Free Speech, served as the supervisory attorney in this matter, and argued the case on appeal. I earned my J.D. from New York University School of Law in 2005, and joined the Institute in 2011 after practicing with the law firms of O'Melveny & Myers and Kirkland & Ellis in New York City. As the Institute's legal director, I have developed expertise in First Amendment law with an emphasis on political regulation.

6. Zac Morgan, who argued the case in district court, served as second chair on appeal, and was the principal draftsperson for the papers, earned his J.D. degree from George Mason University School of Law in 2012. Since October 2012, he has been an attorney at the Institute for Free Speech.

7. Tyler Martinez earned his J.D. degree from the University of Colorado Law School in 2010. Upon graduating, Mr. Martinez established and ran his own law firm specializing in election laws and campaign finance compliance. Mr. Martinez joined the Institute as an attorney in 2012.

8. Owen Yeates earned his J.D. degree from Stanford Law School in 2011, then clerked for the Honorable Joseph Jerome Farris of the United States Court of Appeals for the Ninth Circuit and the Honorable Scott Matheson, Jr., of the United States Court of Appeals for the Tenth Circuit. Following his clerkships, he joined a Portland, Oregon, law firm with a nationwide practice as a patent litigator. Mr. Yeates joined the Institute as an attorney in 2015.

9. According to records maintained by the above-named attorneys, the following hours were expended in this matter, which are attached to this declaration as Ex. A-1. These hours do not include 37.0 hours of meetings, phone calls, and other work excluded in the exercise of billing judgment, nor do they include the significant time expended on administrative matters:

   a. Allen Dickerson: 76.6 hours on appeal, 12.0 hours in district court (88.6 hours)
   b. Tyler Martinez: 23.4 hours on appeal, 0.0 hours in district court (23.4 hours)
   c. Zac Morgan: 172.9 hours on appeal, 81.0 hours in district court (253.9 hours)
   d. Owen Yeates: 50.6 hours on appeal, 37.2 hours in district court (87.8 hours)

2

10. I am requesting a rate of $425/hr; Mr. Martinez and Mr. Yeates a rate of $400/hr; and Mr. Morgan a rate of $390/hr. These rates are consistent with this Court's ruling in *Childress v. Fox Associates, LLC*, 932 F.3d 1165 (8th Cir. 2019), which granted a rate of $450 an hour for a case brought by counsel with ten years' experience litigating on the subject matter before the court.

11. Thus, I estimate that an award of $181,156 ($129,586 for appellate work and $51,570 for the matter in district court), represents a reasonable fee in this matter.

12. The foregoing is true and correct to the best of my knowledge, and any expressions of opinion are based on my best professional judgment.

### 28 U.S.C. § 1746 Declaration

I, Allen Dickerson, counsel for the Ronald John Calzone, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 15, 2019

s/Allen Dickerson
Allen Dickerson

3

14 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 5 of 37
Appellate Case: 17-2654   Page: 4   Date Filed: 11/15/2019 Entry ID: 4852854

# EXHIBIT A-1

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 6 of 37
Appellate Case: 17-2654   Page: 5   Date Filed: 11/15/2019 Entry ID: 4852854

Hours of Allen Dickerson, *Calzone v. Hagan*/*Calzone v. Summers*

| Date | Description | Total Hours |
|------|-------------|-------------|
| 4/19/2017 | Revise proposed stipulated facts in light of comments from State's counsel. | 0.5 |
| 4/20/2017 | Phone conference with State's counsel re: stipulated facts and preparation for injunction hearing (0.2); Correspond with same (0.1) | 0.3 |
| 4/21/2017 | Review research concerning Supreme Court precedent on governmental antifraud interest (0.4); correspond w/ Z. Morgan re same (0.1) | 0.5 |
| 4/25/2017 | Attend hearing on permanent injunction | 0.4 |
| 5/2/2017 | Review State's opposition brief; correspond with client and co-counsel re: same | 1.6 |
| 5/5/2017 | Review and revise reply brief before district court (2.7); correspond w/ Z. Morgan and O. Yeates re: same (0.2) | 2.9 |
| 5/6/2017 | Review changes to reply brief, correspond w/ D. Roland re: same (0.3); review cases cited by State (0.9); draft introductory portion of brief (1.4) | 2.6 |
| 5/7/2017 | Review, revise, and finalize reply brief | 2.0 |
| 6/26/2017 | Review court order denying TRO; corresponded with co-counsel RE same. (1.2) | 1.2 |

**Total Hours for Allen Dickerson in District Court: 12.0**

| Date | Description | Total Hours |
|------|-------------|-------------|
| 9/13/2017 | Review and revise factual section of appellate brief. | 2.3 |
| 9/17/2017 | Review and revise First Amendment scrutiny arguments. | 3.5 |

16 of 39

| Date | Description | Hours |
|---|---|---|
| 9/19/2017 | Review and revise opening brief, including vagueness arguments; (2.9); Review and revise opening appendix. (2.0) | 4.9 |
| 9/21/2017 | Finalize opening brief and appendix for filing. | 3.7 |
| 11/27/2017 | Review Appellees' brief on appeal; correspond with co-counsel and client re: same | 1.7 |
| 11/28/2017 | Conference with Z. Morgan regarding case research for reply brief | 0.1 |
| 12/11/2017 | Review and revise draft reply brief; correspond w/ Z. Morgan re: same | 3.6 |
| 12/18/2017 | Review and revise draft reply brief; correspond w/ Z. Morgan re: same | 2.2 |
| 12/21/2017 | Review and revise draft reply brief; correspond w/ co-counsel re: same | 3.8 |
| 4/4/2018 | Review appellate record and briefing; prepare for oral argument | 10.5 |
| 4/5/2018 | Prepare for oral argument | 1.5 |
| 4/9/2018 | Prepare for oral argument | 4.4 |
| 4/10/2018 | Prepare for, deliver, and review recording of oral argument; discuss same with client and co-counsel | 4.0 |
| 11/28/2018 | Review panel opinion, correspond with client and co-counsel re: next steps, outline responses to panel majority's principal points | 3.8 |
| 12/6/2018 | Review draft of waiver section for *en banc* petition | 0.2 |
| 12/11/2018 | Review and revise draft petition for reconsideration *en banc* | 1.1 |
| 12/12/2018 | Review, revise, and finalize petition for reconsideration *en banc* | 1.7 |

| | | |
|---|---|---|
| 1/7/2019 | Review Appellees' brief in opposition to reconsideration *en banc* | 0.5 |
| 1/28/2019 | Review court order granting reconsideration en banc; correspond with client and co-counsel re: same | 0.3 |
| 4/9/2019 | Review court opinions, record, and briefing and prepare for oral argument | 3.6 |
| 4/10/2019 | Review court opinions, record, and briefing and prepare for oral argument | 5.0 |
| 4/11/2019 | Prepare for oral argument | 3.0 |
| 4/18/2019 | Prepare for oral argument | 7.4 |
| 4/19/2019 | Prepare for and deliver oral argument | 2.5 |
| 11/1/2019 | Review en banc decision; correspond with client and co-counsel re: same | 1.3 |

**Total Hours for Allen Dickerson in Court of Appeals: 76.6**

18 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 9 of 37
Appellate Case: 17-2654   Page: 8   Date Filed: 11/15/2019 Entry ID: 4852854

Hours of Zac Morgan *Calzone v. Hagan/Calzone v. Summers*

| Date | Description | Total Hours |
|------|-------------|-------------|
| 9/7/2016 | Drafting federal complaint | 4.6 |
| 10/17/2016 | Research on TRO/irreparable harm standard in the 8th Cir. | 2.3 |
| 10/18/2016 | Revising federal complaint in response to comments from A. Dickerson (2.7); Drafting outline for TRO/preliminary injunction brief (4.5); Additional research into First Amendment case law on lobbying, and the governmental interest implicated in those cases (0.7) | 7.9 |
| 10/19/2016 | Drafting suggestions in support of TRO/preliminary injunction | 7.8 |
| 10/20/2016 | Research on *Younger* (0.7); Research into the scope of 8th Circuit *Minn. State Ethical Practices Bd. v. NRA* case (0.2); Revising draft and turning edits from D. Roland (3.0) | 3.9 |
| 10/21/2016 | Cite-checking the complaint (0.8); Building index of exhibits for complaint (0.2); Prepare civil cover sheet (0.1); Prepare verification statement (0.1); Respond to client edits on complaint (0.3); Review cite checks from O. Yeates and T. Martinez (0.5); Compiling exhibits in PDF form for filing (0.4); Email correspondence with client and co-counsel regarding re: current drafts (0.1); Finalizing edits (2.2), build and edit tables (0.8) final read-through of all documents (1.5), preparation for filing | 8.5 |

| | | |
|---|---|---|
| | (0.5), communication with client re: such (0.2), emails regarding PHV (0.3), communication with D. Roland re: same (0.2); Final edits before filing (0.3) | |
| 12/28/2016 | Preparation for telephonic hearing (2.0); Telephonic hearing (0.3) | 2.3 |
| 1/30/2017 | Preparation for telephonic hearing (1.3); Telephonic hearing (0.4) | 1.7 |
| 1/31/2017 | Preparation for hearing, reviewing record, collecting quotations and cases | 6.5 |
| 2/1/2017 | Preparation for hearing, reviewing record, collecting quotations and cases | 5.2 |
| 2/2/2017 | Build argument binder (0.5); Review argument binder and filed material in preparation for hearing (1.0) | 1.5 |
| 2/3/2017 | Preparation for hearing (3.1); Telephonic hearing on TRO (0.6); Email with client and co-counsel (0.2) | 3.9 |
| 2/7/2017 | Phone conference with client, D. Roland, O.Yeates | 0.5 |
| 2/8/2017 | Meet-and-confer with Defendants' counsel | 0.2 |
| 3/7/2017 | Status conference | 0.1 |
| 4/10/2017 | Phone conference with O. Yeates (0.4) | 0.4 |
| 4/20/2017 | Phone conference with Defendants' counsel and A. Dickerson and O. Yeates | 0.2 |
| 4/22/2017 | Research into governmental interest standard | 3.0 |
| 4/23/2017 | Preparation for hearing | 5.0 |
| 4/24/2017 | Preparation for hearing (2.5); Travel for hearing (3.5) | 5.0 |
| 4/25/2017 | Hearing in Jefferson City | 0.4 |
| 5/2/2017 | Read and review State's suggestions in opposition | 0.1 |

| Date | Description | Total Hours |
|---|---|---|
| 5/3/2017 | Research for suggestions in reply (0.8); Draft suggestions in reply (6.2) | 7.0 |
| 5/4/2017 | Review and edit draft suggestions in reply | 0.3 |
| 5/5/2017 | Edits on suggestions, circulate to client and counsel | 0.1 |
| 5/6/2017 | Respond to edits from D. Roland (0.5); Additional edits and research for suggestions (1.6) | 2.1 |
| 5/7/2017 | Additional edits and research for suggestions | 0.5 |

**Total Hours for Zac Morgan in District Court: 81.0**

| Date | Description | Total Hours |
|---|---|---|
| 8/22/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.2 |
| 8/23/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 3.0 |
| 8/24/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 3.0 |
| 8/28/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 3.5 |
| 8/29/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 5.3 |
| 8/30/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.0 |
| 8/31/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.0 |

| 9/1/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 3.6 |
|---|---|---|
| 9/5/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.0 |
| 9/6/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 5.5 |
| 9/7/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.0 |
| 9/8/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 4.0 |
| 9/10/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 2.5 |
| 9/11/2017 | Research into the application of *United States v. Harriss* throughout the federal and state courts | 7.2 |
| 9/12/2017 | Meeting with T. Martinez regarding opening brief on appeal (0.1); Drafting governmental interest and tailoring sections of the opening brief (8.1) | 8.2 |
| 9/18/2017 | Assembling joint appendix (1.0); Responding to edits and suggestions to brief from A. Dickerson, drafting vagueness section of the brief (3.5) | 4.5 |
| 9/19/2017 | Review of current draft of opening brief on appeal | 0.3 |
| 9/20/2017 | Cite checking section I and standard of review; building table of authorities (1.5); building addendum, turning edits to brief, responding to | 6.0 |

| | | |
|---|---|---|
| | comments from client and co-counsel on various sections of brief, research into local rules for filing requirements (4.5) | |
| 9/21/2017 | Cite checking brief and filing requirements | 2.0 |
| 11/27/2017 | Read Defendants' opposition brief | 0.5 |
| 11/28/2017 | Read *Smith v. City of San Jose* (0.5); meeting with A. Dickerson regarding *Smith* (0.1) | 0.6 |
| 12/6/2017 | Research for reply brief (3.5); drafting reply brief (1.0) | 4.5 |
| 12/7/2017 | Drafting reply brief | 8.1 |
| 12/8/2017 | Drafting reply brief (6.5); drafting motion for extension of time (0.3) | 6.8 |
| 12/12/2017 | Respond to edits on brief from A. Dickerson and continue drafting reply brief | 5.5 |
| 12/13/2017 | Drafting reply brief | 6.5 |
| 12/14/2017 | Drafting reply brief | 3.2 |
| 12/19/2017 | Drafting reply brief (6.8); reviewing edits on brief from A. Dickerson (0.4) | 7.2 |
| 12/20/2017 | Building skeleton tables for brief | 0.5 |
| 12/21/2017 | Reviewing edits, building final tables, drafting certificates, finalizing for filing | 2.5 |
| 4/9/2018 | Printing out materials for A. Dickerson in advance of argument (0.1); Travel to St. Louis for oral argument (3.5); research for A. Dickerson in advance of argument (0.4); build timeline on designation argument for A. Dickerson (0.5); review record in advance of argument (0.8) | 5.3 |
| 4/10/2018 | Discuss argument with A. Dickerson (0.5); Attend oral argument in St. Louis (0.5). | 1.0 |

| 4/11/2018 | Travel back to Alexandria, Virginia | 4.5 |
|---|---|---|
| 11/28/2018 | Read 8th Circuit panel opinion (0.5); research on waiver (2.0) | 2.5 |
| 12/4/2018 | Drafting waiver section of petition for rehearing *en banc* | 4.0 |
| 12/5/2018 | Drafting waiver section of petition for rehearing *en banc* | 4.4 |
| 12/6/2018 | Drafting on petition for rehearing *en banc* | 0.3 |
| 12/7/2018 | Drafting on petition for rehearing *en banc* | 1.5 |
| 12/8/2018 | Drafting on petition for rehearing *en banc* | 4.0 |
| 12/10/2018 | Drafting on petition for rehearing *en banc* | 3.3 |
| 12/11/2018 | Review edits on petition from O. Yeates and send to A. Dickerson for review (0.7); review edits from A. Dickerson (0.4) | 1.1 |
| 12/12/2018 | Review edits from D. Roland and email correspondence with A. Dickerson and O. Yeates regarding such (0.3); Cite-checking, review of local rules, preparing to file (4.5) | 4.8 |
| 4/17/2019 | Preparing argument binders, reviewing cases, etc. in advance of *en banc* hearing | 3.0 |
| 4/18/2019 | Travel to St. Louis for *en banc* argument | 4.0 |
| 4/19/2019 | Oral argument (0.5); travel back to Alexandria, Virginia (4.0) | 4.5 |

**Total Hours for Zac Morgan in Court of Appeals: 172.9**

24 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 15 of 37
Appellate Case: 17-2654   Page: 14   Date Filed: 11/15/2019 Entry ID: 4852854

Hours of Tyler Martinez, *Calzone v. Hagan*/*Calzone v. Summers*

| Date | Tasks | Hours |
|------|-------|-------|
| 9/12/2017 | Research/Draft Standard of Review for Opening Brief (5.9); Meeting with Z. Morgan re: Opening Brief Draft (0.1) | 6.0 |
| 9/13/2017 | Research/Draft Standard of Review for Opening Brief (5.8) | 5.8 |
| 9/18/2017 | Correspond w/ A. Dickerson, Z. Morgan, O. Yeates re: required edits to the Opening Brief (0.1); Editing and redrafting Opening Brief (5.4); Editing and compiling Joint Appendix Volumes (1.0) | 6.5 |
| 9/20/2017 | Cite-checking Facts Section of Opening Brief (3.1); Editing Introduction to Opening Brief (0.1) | 3.2 |
| 9/21/2017 | Final Grammar Check of Opening Brief (1.9) | 1.9 |

**Total Hours for Tyler Martinez in Court of Appeals: 23.4**

Hours of Owen Yeates, *Calzone v. Hagan/Calzone v. Summers*

| Date | Description | Total Hours |
|------|-------------|-------------|
| 10/26/2016 | Attend telephonic status conference; advised A. Dickerson and Z. Morgan on outcome of conference (0.7); Drafted email to client about conference (0.5) | 1.2 |
| 12/28/2016 | Attended telephonic status conference (0.3); Prepared notes on conference and sent notes to A. Dickerson and D. Roland (0.1) | 0.4 |
| 1/30/2017 | Attended telephonic status hearing | 0.4 |
| 2/2/2017 | Research for TRO hearing: searching for precedents on unpaid vs. paid lobbying | 8.3 |
| 2/3/2017 | Attended TRO telephonic hearing | 0.6 |
| 2/7/2017 | Reviewed consent decree and motion in other cases; distilled to outline with most important points; researched third party standing regarding consent decrees (2.6); Phone conference with co-counsel and client (0.5) | 3.1 |
| 2/8/2017 | Meet-and-confer with Defendants' counsel | 0.2 |
| 3/6/2017 | Preparing for status conference | 1.3 |
| 3/7/2017 | Preparing for status conference (0.3); Status conference (0.1) | 0.4 |
| 3/8/2017 | Reviewing proposed facts for summary judgment (0.1) | 0.1 |
| 4/4/2017 | Reviewing proposed facts, revising, and sending to Z. Morgan (1.0); Preparing *pro hac vice* application for A. Dickerson (1.4) | 2.4 |
| 4/10/2017 | Preparing for strategy call; reviewing proposed undisputed facts (0.5); Call | 5.8 |

26 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 17 of 37
Appellate Case: 17-2654   Page: 16   Date Filed: 11/15/2019 Entry ID: 4852854

| Date | Description | Total Hours |
|---|---|---|
| | with Z. Morgan; preparing for hearing (0.4); Conference call with Z. Morgan and A. Dickerson (0.4); Researching cases regarding registration requirements and the First Amendment (2.2); Reviewing cases citing *Thomas v. Collins* (2.3) | |
| 4/11/2017 | Legal research about registration requirements under the First Amendment (2.4); Reviewing cases citing *Buckley v. Am. Constitutional Law Found.* (1.4); Researching strict scrutiny and lobbying (2.0) | 5.8 |
| 4/12/2017 | Legal research on registration of volunteers (2.1); Reviewing complaint and exhibits thereto (2.1) | 4.2 |
| 4/20/2017 | Phone conference with co-counsel and Defendants' counsel (0.2); Reviewing joint stipulation (0.5) | 0.7 |
| 5/5/2017 | Reviewing suggestions in reply | 0.8 |
| 5/6/2017 | Reviewing and suggesting edits | 0.5 |
| 5/7/2017 | Reviewing and suggesting edits | 1.0 |

**Total Hours for Owen Yeates in District Court: 37.2**

| Date | Description | Total Hours |
|---|---|---|
| 9/5/2017 | Begin reviewing items to draft factual and procedural history (0.8); Drafting (1.9) | 2.7 |
| 9/8/2017 | Revising statement of facts | 0.8 |
| 9/11/2017 | Revising factual history (1.3); finished revising factual history section (1.9) | 3.2 |
| 9/12/2017 | Revising factual history (1.4); Revising factual history, reviewing *Harriss* decision, district court decisions (2.7) | 4.1 |

27 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 18 of 37
Appellate Case: 17-2654   Page: 17   Date Filed: 11/15/2019 Entry ID: 4852854

| | | |
|---|---|---|
| 9/13/2017 | Revising factual history in light of A. Dickerson comments, research on legislative witness testimony practices in other states, research on scope of Administrative Hearing Commission authority; drafting new introduction (4.1); Finish revising and send to A. Dickerson for review (0.5) | 4.6 |
| 9/18/2017 | Revising background section of opening brief on appeal | 5.1 |
| 9/19/2017 | Cite-checking | 0.8 |
| 9/20/2017 | Cite-checking (3.7); reviewing draft of introduction (0.2); finishing cite-checking (3.3) | 7.2 |
| 9/21/2017 | Reviewing local rules and addendum, appendix for compliance; prepared application for admission to take to notary (2.8); reviewing brief for compliance (0.9) | 3.7 |
| 9/25/2017 | Checking on the status of filing of transcripts | 0.3 |
| 9/26/2017 | Reviewing federal rules and local rules on filing of appendix | 1.1 |
| 11/28/2017 | Reviewing opening brief, begin reading Appellees' opposition | 0.4 |
| 11/29/2017 | Reviewing Appellees' response | 1.5 |
| 12/19/2017 | Reviewing and suggesting edits to reply brief | 1.1 |
| 12/5/2018 | Reviewing draft of waiver arguments | 0.7 |
| 12/6/2018 | Legal research into lack of evidence and exacting scrutiny | 2.3 |
| 12/7/2018 | Legal research into lack of evidence and exacting scrutiny | 0.9 |

| | | |
|---|---|---|
| 12/10/2018 | Research on conclusory arguments (3.2); Reviewing petition, sending suggestions on petition to Z. Morgan (2.9) | 6.1 |
| 12/11/2018 | Reviewing changes to petition from A. Dickerson (0.4); | 0.4 |
| 12/12/2018 | Reviewing rules for filing, reviewing transcript to verify quotes from argument are correct | 2.2 |
| 11/1/2019 | Reviewing *en banc* decision | 1.4 |

**Total Hours for Owen Yeates in Court of Appeals: 50.6**

# EXHIBIT B

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 21 of 37
Appellate Case: 17-2654   Page: 1   Date Filed: 11/15/2019 Entry ID: 4852854

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

RONALD JOHN CALZONE,

        Plaintiff,

   v.

DONALD SUMMERS, et al.,

        Defendants.

Case No. 17-2654
On appeal from the United States
District Court for the Western District
of Missouri,
No. 2:16-cv-4278 (Loughrey, J.)

---

## Declaration of David Roland Regarding Attorneys' Fees

---

Under penalty of perjury, I, David Roland, declare as follows:

1. I write this declaration to support the Motion for Attorneys' Fees and Expenses pursuant to 42 U.S.C. § 1988 and the Federal Rules of Appellate and Civil Procedure, and Rule 47C of this Court.

2. I have been the director of litigation for the Freedom Center of Missouri since October 2010. The Freedom Center is a § 501(c)(3) organization focused on defending the constitutional rights of Missourians in state and federal court; the Freedom Center offers its services *pro bono*, so its attorneys do not charge its clients a regular hourly rate.

3. I request an hourly rate of $425, which is fair and reasonable in light of the hourly rates customarily charged by attorneys in this jurisdiction with similar training, experience, and responsibilities, handling matters of this nature and

Roland Attorney Fee Declaration      Page 1 of 3

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 22 of 57
Appellate Case: 17-2654    Page: 2    Date Filed: 11/15/2019 Entry ID: 4852854

complexity.

4. My fourteen-year legal career has been almost exclusively devoted the *pro bono* representation of clients for the advancement of constitutional freedoms and government transparency, with a particular emphasis on liberties protected by the First Amendment.  In addition to my work with the Freedom Center of Missouri, I served for eighteen months as the Director of the Theodore L. Stiles Center for Liberty in Olympia, Washington.  Before that, I spent three and a half years as a Staff Attorney in the national headquarters for the Institute for Justice in Washington, DC.  While in law school I clerked for both the Institute for Justice and the Becket Fund for Religious Liberty, as well as authoring a series of essays published by the Freedom Forum First Amendment Center in Nashville, Tennessee.

5. My records show that I devoted at least 94.2 hours to the successful resolution of this matter.

6. Multiplying my expected hourly rate by the number of hours worked in relation to this matter, I estimate that an award of $40,035.00 would be reasonable and appropriate.

7. The hourly rate and hours reflected in this declaration and the attached timesheet are customary, reasonable, and were necessary to represent the Appellant's interests in this matter.

8. The foregoing is true and correct to the best of my knowledge, and any expressions of opinion are based on my best professional judgment.

Roland Attorney Fee Declaration                    Page 2 of 3

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

32 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 23 of 37
Appellate Case: 17-2654   Page: 3   Date Filed: 11/15/2019 Entry ID: 4852854

# 28 U.S.C. § 1746 Declaration

I, David Roland, counsel for the Ronald John Calzone, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 15, 2019

s/David Roland
David Roland

Roland Attorney Fee Declaration
Case No. 17-2654
Page 3 of 3

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 24 of 37
Appellate Case: 17-2654   Page: 4   Date Filed: 11/15/2019 Entry ID: 4852854

# EXHIBIT B-1

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 25 of 37
Appellate Case: 17-2654   Page: 5   Date Filed: 11/15/2019 Entry ID: 4852854

Hours of David Roland, *Calzone v. Hagan/Calzone v. Summers*

| Date | Description | Total Hours |
|------|-------------|-------------|
| 10/8/2016 | Exchanged emails with Morgan regarding drafting of Complaint. | 0.2 |
| 10/18/2016 | Received and revised initial draft of Complaint; emailed draft back to Morgan. | 4.5 |
| 10/20/2016 | Received, reviewed, and revised draft of TRO Brief; emailed draft back to Morgan | 2.3 |
| 10/21/2016 | Received and reviewed several draft filings, corresponded with co-counsel and client in preparation for filing. | 3.0 |
| 10/24/2016 | Corresponded with co-counsel about mandatory mediation and pro hac vice motions. | 0.6 |
| 10/25/2016 | Notified co-counsel that pro hac vice motions had been granted. Received and responded to emails regarding a telephone conference on our request for a TRO; began preparing to handle the telephone conference. Corresponded with Client and co-counsel regarding possibility of amending Complaint. | 4.8 |
| 10/26/2016 | Finished preparing for TRO telephone conference. Participated in TRO telephone conference, corresponded with co-counsel about the call and the judge's decision to abstain. | 6.6 |
| 11/2/2016 | Exchanged emails with client and co-counsel about possible ways of avoiding *Younger* abstention. | 0.3 |
| 12/19/2016 | Exchanged flurry of emails with client and co-counsel regarding upcoming status conference | 0.6 |

| | | |
|---|---|---|
| 1/13/2017 | Phone call with Ethics Commission in which they stated that they were rejecting second complaint against Calzone; notified co-counsel of this development and discussed implications for federal lawsuit. Received and reviewed Status Update prepared by Morgan. | 0.4 |
| 1/30/2017 | Received and reviewed notes from telephone conference, court order setting case for TRO hearing on 2/3/17. Corresponded with co-counsel and client regarding progress of the case, issues most likely to affect the judge's decision on the TRO, and best route forward. | 0.6 |
| 2/1/2017 | Received, reviewed, and approved proposed joint stipulations. | 0.2 |
| 2/3/2017 | Participated in teleconference hearing on TRO; corresponded with co-counsel and client regarding the hearing and the prospect of settling the case | 1.2 |
| 2/8/2017 | Participated in call with opposing counsel regarding potential settlement; corresponded with co-counsel afterward. | 0.2 |
| 2/11/2017 | Received, reviewed, and approved draft Status Report to court regarding potential for settlement | 0.2 |
| 3/1/2017 | Received and reviewed court order denying TRO; corresponded with co-counsel and client. | 0.5 |
| 3/7/2017 | Participated in teleconference with court | 0.2 |
| 3/10/2017 | Received and reviewed email from client regarding possible conflict of interest with judge; corresponded with co-counsel about this issue. | 0.4 |

36 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 27 of 37
Appellate Case: 17-2654   Page: 7   Date Filed: 11/15/2019 Entry ID: 4852854

| | | |
|---|---|---|
| 4/10/2017 | Received and reviewed emails from co-counsel and client regarding the record for the upcoming hearing on Permanent Injunction. | 0.3 |
| 4/12/2017 | Corresponded with co-counsel and client regarding potential for stipulated record. | 0.2 |
| 4/25/2017 | Attended hearing on Permanent Injunction in Jefferson City; discussed with co-counsel and client. | 6.3 |
| 5/2/2017 | Received and reviewed filings related to opposing counsel's Motion for Leave to File Out of Time and Suggestions in Opposition; corresponded with co-counsel about same. | 1.2 |
| 5/5/2017 | Reviewed and revised Suggestions in Reply. | 2.5 |
| 5/7/2017 | Reviewed and approved Suggestions in Reply | 0.7 |
| 6/26/2017 | Received and reviewed court order denying motion for Permanent Injunction; corresponded with co-counsel and clients regarding same. | 1.1 |

**Total Hours for David Roland in District Court: 39.1**

| Dates | Description | Total Hours |
|---|---|---|
| 9/19/2017 | Reviewed Joint Appendix documents. | 2.8 |
| 9/20/2017 | Received and reviewed draft of Eighth Circuit initial brief; did some research regarding cases cited therein. | 3.1 |
| 9/21/2017 | Received and reviewed addendum and final draft of Eighth Circuit initial brief. | 2.0 |
| 11/27/2019 | Received and reviewed Ethics Commission's Eighth Circuit brief; researched cases cited in that brief. | 1.5 |

37 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 28 of 37
Appellate Case: 17-2654   Page: 8   Date Filed: 11/15/2019 Entry ID: 4852854

| | | |
|---|---|---|
| 12/11/2017 | Corresponded with co-counsel about Motion for Extension of Time. | 0.2 |
| 12/19/2017 | Received and reviewed draft of Eighth Circuit reply brief. | 0.9 |
| 12/20/2017 | Began revising Eighth Circuit reply brief; corresponded with co-counsel about same. | 5.3 |
| 12/21/2017 | Continued and finished revising Eighth Circuit reply brief. | 16.6 |
| 4/10/2018 | Attended oral argument at Eighth Circuit; reviewed audio recording of argument and corresponded with co-counsel regarding same. | 7.1 |
| 8/23/2018 | Corresponded with co-counsel regarding possibility that Eighth Circuit might attempt to certify statutory question to the Missouri Supreme Court. | 0.3 |
| 11/28/2018 | Received and reviewed Eighth Circuit opinion; corresponded with co-counsel and client about the same. | 1.1 |
| 11/29/2018 | Discussed the Eighth Circuit opinion further with client. | 1 |
| 12/11/2018 | Received, reviewed, and approved Petition for Rehearing; researched several cases cited therein. | 2.6 |
| 12/19/2018 | Received and reviewed motion for leave to file amicus brief and proposed amicus brief in support of rehearing filed by Private Citizen, Inc., and Convention of States Action. | 0.4 |
| 12/27/2018 | Received and reviewed court order requesting response to petition for rehearing; corresponded with co-counsel and client regarding same. | 0.6 |
| 1/7/2019 | Received and reviewed Ethics Commission's response to Petition for Rehearing En Banc. | 0.4 |

38 of 39

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 29 of 37
Appellate Case: 17-2654   Page: 9   Date Filed: 11/15/2019 Entry ID: 4852854

| | | |
|---|---|---|
| 1/28/2019 | Received and Reviewed court order granting Petition for Rehearing En Banc; corresponded with co-counsel and client regarding the same. | 0.5 |
| 2/7/2019 | Corresponded with co-counsel regarding filing of briefs for rehearing en banc. | 0.2 |
| 4/19/2019 | Attended oral argument at Eighth Circuit; reviewed audio recording of argument and corresponded with co-counsel regarding same. | 6.8 |
| 11/1/2019 | Received and reviewed Eighth Circuit opinion; corresponded with co-counsel and client about the same. | 1.7 |

**Total Hours for David Roland in Court of Appeals: 55.1**

# EXHIBIT B

RONALD JOHN CALZONE,     :
     *Plaintiff-Appellant*,     :     On appeal from the United States
                              :     District Court for the Western
*v.*                              :     District of Missouri
                              :     NO. 2:16-CV-4278 (NKL)
DONALD SUMMERS, ET AL.,     :
     *Defendants-Appellees.*     :
_____ :

---

**DECLARATION OF CHARLES W. HATFIELD IN SUPPORT OF MOTION OF RONALD JOHN CALZONE FOR ATTORNEY'S FEES AND EXPENSES**

---

Charles W. Hatfield, of lawful age and being duly sworn upon his oath, states as follows.

1.       I have been an attorney licensed to practice law in Missouri since 1993. Currently, I am a partner with Stinson LLP ("Stinson") practicing in the firm's Jefferson City office. I am a member of the firm's Finance Committee, the managing partner of the Jefferson City office, and chair of the firm's Government Solutions and Financial Services and Class Actions Practice Groups.

2.       I graduated from the University of Missouri-Columbia School of Law in 1993 and have practiced in Jefferson City, Missouri, for my entire career, first

1

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 32 of 37
Appellate Case: 17-2654   Page: 1   Date Filed: 11/29/2019 Entry ID: 4856871

with the State of Missouri (1993-2003) and then with the firm currently known[1] as Stinson (2003-Present).

3.      Prior to joining Stinson, I served as Chief of Staff and Counsel to the Missouri Attorney General in Jefferson City.  In that position, I participated in and supervised a broad range of complex litigation and policy matters, and represented multiple state agencies in significant cases.  One of the responsibilities of the office of the Missouri Attorney General is to defend the validity of state statutes, and as such, I acquired in-depth and extensive experience with constitutional issues and Missouri law.

4.      I am admitted to practice in Missouri, Kansas, the Eastern and Western Districts of the U.S. District Court in Missouri, the District of Kansas, this honorable Court and the United States Supreme Court.

5.      I have previously successfully litigated challenges to Missouri campaign finance law brought under 42 U.S.C § 1983. I was lead counsel in the matters of *Missouri Electric Cooperatives vs. State of Missouri, et. al.* Case No. 2:16-cv-04332 (W.D.Mo. 2017) (consolidated with *Free and Fair Election Fund vs. State of Missouri*) *Legends Bank, et al. v. State of Missouri, et al.,* 361 S.W.3d 383 (Mo. 2012) and *Trout v. State*, 231 S.W.3d 140 (Mo. 2007).

---

[1] Previously known as Stinson Leonard Street.

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 33 of 37
Appellate Case: 17-2654    Page: 2    Date Filed: 11/29/2019 Entry ID: 4856871

6. I am a Martindale-Hubbell AV rated attorney. I am listed in Best Lawyers in America for Commercial Litigation, Not for Profit Law and Government Relations. I have first-chaired more than 20 appeals to the Missouri Supreme Court on various issues related to Missouri government. I regularly litigate and advise clients in the area of Missouri ethics and campaign law.

7. As a practice group leader and member of my firm's finance committee, I regularly review hourly rates for my firm and other firms by consulting rates published by *Missouri Lawyer's Weekly* and other commercial services that track hourly rates approved in Missouri.

8. I have previously submitted testimony concerning attorney fees in Missouri state courts and in the Western District of Missouri. My testimony is referenced in the order on attorney's fees in *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 2018 WL 5848994.

9. My private practice representation has continuously occurred in Jefferson City, Missouri and my rates have been set to reflect that practice. I regularly appear in the central division of the Western District of Missouri, in this honorable Court and numerous mid-Missouri venues. Based on my knowledge of other Mid-Missouri practitioners, my rate is toward the high end of the market, but it is within a reasonable range for attorneys focusing on complex cases and high profile disputes.

3

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 34 of 37
Appellate Case: 17-2654   Page: 3   Date Filed: 11/29/2019 Entry ID: 4856871

10.     I have reviewed the hourly rate used in the lodestar calculation submitted by Plaintiff Calzone's attorneys as well as the qualifications of those attorneys.

11.     Based on my knowledge of hourly rates charged (and collected) in Missouri by attorneys of similar experience and competence, the hourly rates of $425 for attorneys Dickerson and Roland, $400 for attorneys Martinez and Yeates, and $390 for attorney Morgan are reasonable and within a normal range charged and collected.

12.     By way of example, my current hourly rate for this type of work—which clients regularly pay in my market—is $595. Partners at my firm with similar experience to Mr. Roland and Mr. Dickerson regularly charge and collect rates between $400 and $500 an hour.

13.     *Missouri Electric Cooperatives vs. State of Missouri, et. al. Case No. 2:16-cv-04332* (W.D.Mo. 2017) involved a suit against the Missouri Ethics Commission and litigation similar to that involved here (although the Supreme Court denied certiorari in that case).

14.     In that case, on behalf of the plaintiffs, I requested hourly rates of $570 for myself and rates between $565 and $380 for other partners at my firm. At the time of this request, proceedings in this honorable Court were concluded and

4

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 35 of 37
Appellate Case: 17-2654   Page: 4   Date Filed: 11/29/2019 Entry ID: 4856871

the total amount of fees requested was $231,261.50. *Case 2:16-cv-04332-ODS* Document 124.

15.     After additional fees were incurred during briefing to the United States Supreme Court, the State of Missouri stipulated to, and the District Court approved, fees of $265,194 for the Free and Fair Election Plaintiffs (a companion case) and $241,465.92 for the Missouri Electric Cooperatives Plaintiffs. *Id.* document 134.

16.     As acknowledged by the District Court in *Trinity Lutheran,* the type of work at issue in this case normally justifies a higher rate than was approved there. Moreover, the Court's approved fees in that case were at or near the low end of reasonable rates for Missouri attorneys with this level of experience.

17.     Based on my knowledge and experience, these types of cases are a risk for the firms undertaking them (and this one certainly was) but they present important policy issues. If the Courts wish to have high caliber advocacy in these cases, they should award hourly rates that encourage lawyers to take on these types of cases. That means awarding hourly rates that are at least market and preferably toward the high end of market.

18.     The rates used in Mr. Calzone's fee request are quite reasonable and the Court should use those hourly rates in calculating the lodestar amounts.

19.     Conversely, the State's suggested hourly rates ($300 for highly experienced attorneys) are unreasonably low for the market and would discourage competent, experienced attorneys from taking on these types of case.

20.     The foregoing is true and correct to the best of my knowledge, and my expressions of opinion are my best professional judgment and offered as an officer of the Court to assist the Court in its analysis.

**28 U.S.C. § 1746 Declaration**

I, Charles W. Hatfield, a member of the bar of Missouri and admitted to practice before this Court declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 29, 2019

/s/ *Charles W. Hatfield*

Charles W. Hatfield, Mo. Bar No. 40363

6

Case 2:16-cv-04278-NKL   Document 61-1   Filed 01/30/20   Page 37 of 37
Appellate Case: 17-2654     Page: 6     Date Filed: 11/29/2019 Entry ID: 4856871