**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| RONALD JOHN CALZONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:16-cv-04278-NKL |
| DONALD SUMMERS, et. al | ) ) |
| Defendants. | ) ) ) |

**ORDER**

The Eighth Circuit remanded for further consideration Plaintiff Ronald Calzone's request for a permanent injunction enjoining Defendants from enforcing or threatening to enforce Mo. Rev. Stat. § 105.470(5)(c) and its registration and reporting requirements against him. *Calzone v. Summers*, 942 F.3d 415 (8th Cir. 2019) (en banc). Calzone argues that Missouri cannot require him to register as a lobbyist pursuant to Mo. Rev. Stat. § 105.470, *et seq.* for his lobbying activities. For the following reasons, the Court denies Calzone's request for a permanent injunction, Doc. 2.

Calzone requests a permanent injunction prohibiting the Missouri Ethics Commission (MEC) from applying Mo. Rev. Stat. § 105.470(5)(c) against him for "his frequent talks to Missouri legislators about political issues that are important to him so long as no one pays him and his activities do not involve spending money on lobbying expenditures." Doc. 58, at 1 (internal quotation marks omitted). Calzone pursues this request for an injunction despite the Eighth Circuit previously ruling in his favor that "the application of [§ 105.470(5)] to Calzone violates the First Amendment." *Calzone v. Summers*, 942 F.3d 415, 425 (8th Cir. 2019). Calzone argues that he is entitled to a permanent injunction because there is an active enforcement action against him for his lobbying activities, the insufficiency of Defendants' voluntary compliance, and language in the

Eighth Circuit's opinion indicating that Calzone's motion for permanent injunction be considered on remand.

As to the pending state enforcement action brought against Calzone before Missouri's Administrative Hearing Commission for his lobbying activities, Defendants filed a status report following the Eighth Circuit's ruling. In this status report, Defendants stated that "[b]ased on the Eighth Circuit Opinion, the MEC will not pursue any further enforcement of the MEC's probable Cause Order or the underlying complaint filed with the MEC" and that "[if] hereafter the matter is not voluntarily dismissed by Calzone or through a Consent Agreement, the MEC will file for dismissal based on mootness." Doc. 62-1 (Defendants' Status Report). Defendants have explicitly declared that they have acknowledged the Eighth Circuit's order and will therefore no longer pursue this action against Calzone.

Calzone also argues that injunctive relief is still necessary as Defendants' voluntary compliance does not meet their "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000), and that neither the Eighth Circuit's opinion nor Defendants' assurance of compliance with this opinion are sufficient to ensure that this statute will not be enforced against him at some future time. Citing to *Waters v. Ricketts*, Calzone asserts that when a party claims that its voluntary compliance moots a case, the case is still a live controversy where all that is offered by that party are mere "assurances of compliance." *Waters v. Ricketts*, 798 F.3d 682, 686 (8th Cir. 2015). The Court finds Calzone's reliance on this case unpersuasive. The court in *Waters* addressed whether the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) mooted Plaintiffs' case, despite *Obergefell* not specifically invalidating the law of Nebraska nor addressing the additional matter of state benefits

2

incident to marriage. A preliminary injunction in that case was upheld as there were still concerns that Plaintiffs' rights would be affected in ways not specifically addressed in *Obergefell*, and Defendants' assurances of compliance with *Obergefell* were therefore insufficient to address all of plaintiffs' concerns. Calzone does not have this problem. The Eighth Circuit specifically held that application of Mo. Rev. Stat. § 105.470(5) to his activities is unconstitutional. Even in *Waters*, the court noted that, though assurances of voluntary compliance might not moot a case, "[t]hese assurances may, however, impact the necessity of continued injunctive relief." Here, an injunction protecting Calzone from the activity already specifically declared by the Eighth Circuit to be unconstitutional would be unnecessary and a waste of further judicial resources. The issue was finally resolved by the Eighth Circuit. Defendants have already acknowledged the Eighth Circuit's opinion and have indicated they will not be continuing their state enforcement action against Calzone.

Lastly, Calzone argues that this Court is bound by the Eighth Circuit's decision, including its statement that a permanent injunction should be considered. *See Calzone v. Summers*, 942 F.3d 415, 426 (8th Cir. 2019) ("We accordingly vacate the judgment and remand for further consideration of Calzone's request for a permanent injunction."). Nowhere in the Eighth Circuit's order is the manner that this Court is to consider Calzone's request for a permanent injunction mandated.

Since the issuance of the Eighth Circuit's opinion, Defendants have changed their stance on pursuing action against Calzone, and the factual circumstances of this case have likewise changed. In considering Calzone's request in light of these developments, Calzone's request for a permanent injunction is moot. Alternatively, the request is denied because Mo. Rev. Stat. § 105.470(5)(c) and the Defendants poses no risk of any harm to Calzone based on the claims raised

in his lawsuit, much less irreparable harm. *See Bank One, Utah v. Guttau*, 190 F.3d 844, 847 (8th Cir. 1999) (preliminary injunction standards applies to a request for permanent injunction except a plaintiff must demonstrate actual success on the merits); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (Identifying relevant factors to be considered when reviewing a request for a preliminary injunction).

For the reasons set forth above, Calzone's request for a permanent injunction is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 11, 2020  
Jefferson City, Missouri