# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

RONALD JOHN CALZONE,       )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )  No. 2:16-cv-04278-NKL
DONALD SUMMERS, et. al     )
                           )
    Defendants.            )
                           )

**ORDER**

On appeal, the Eighth Circuit found that the application of Missouri's lobbyist registration law to Calzone violates his First Amendment rights. *Calzone v. Summers*, 942 F.3d 415, 425 (8th Cir. 2019). Calzone then filed a motion for attorney's fees and costs with the Eighth Circuit requesting $221,191.00 in attorney's fees, of which $153,003.50 was for work done on appeal. Doc. 49. The Eighth Circuit granted Plaintiff's motion in part, awarding $50,910.00 to Plaintiff for fees incurred on appeal, and remanding the matter to this Court for a determination of any fees to be awarded for work done prior to the appeal. Doc. 48.[1]

**I.     Discussion**

The Court may allow "the prevailing party" in certain civil rights actions to recover "a reasonable attorney's fee . . . ." 42 U.S.C. § 1988. Defendants do not dispute that Plaintiff was the prevailing party on appeal or that a lodestar calculation is the appropriate method of determining

---

[1] The Eighth Circuit also remanded for further consideration of Calzone's request for permanent injunction. This Court has denied Calzone's request for a permanent injunction in a separate order. Doc. 63.

the amount. Instead, Defendants argue that Plaintiff's requested amount should be reduced because the hourly rates are excessive and the number of hours recorded do not reflect a reduction for Plaintiff having only been successful on his as-applied claim and not his facial challenge. The starting point in determining reasonable attorneys' fees is the lodestar calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The party seeking the award must submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. In assessing the amount requested, courts may consider: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to handle the case properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *United Health Care Corp. v. American Trade Ins. Co., Ltd.,* 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citing *Hensley*, 461 U.S. at 434 n.3).

Plaintiff seeks $68,187.50 in attorneys' fees for work done in this Court prior to appeal. Taking into account all relevant factors, the Court concludes that an award of $22,440 is reasonable.

**II.     Conclusion**

Plaintiff's Motion for Attorney's Fees and Expenses, Doc. 49, is granted in part and denied in part. The amount of fees awarded to Plaintiff for work done in this Court is $22,440.00, to be paid by defendants.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 11, 2020
Jefferson City, Missouri